UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

HARRY KLEINBART, et al.,

                 Plaintiffs,         **MEMORANDUM & ORDER**
                                  21-CV-0695(EK)(LB)

       -against-

SOLOMON KLEINBART, et al.,

                 Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

      This action was initiated by Harry Kleinbart and two of his sons, Steven and Samuel. The Kleinbarts sued a number of parties under 42 U.S.C. § 1983 and other laws, alleging violations relating to Harry's treatment in an assisted-living facility.

      Harry Kleinbart moved to withdraw from the case on May 19, 2021. Following a status conference in which the Court confirmed Harry's desire to abandon his claims, the Court dismissed him on July 6, 2021. Defendants now move to dismiss the complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. As set forth below, the case is dismissed because the remaining plaintiffs lack standing to pursue it.

## I. Background

      Plaintiffs allege that defendant Solomon Kleinbart — Harry's brother — is forcing Harry to reside at the Belvedere

Assisted Living Facility ("the Belvedere") in Brooklyn, New York, against Harry's wishes and in violation of various constitutional provisions and New York law.  They allege that Harry has been subject to abuse and neglect at the Belvedere. Complaint ("Compl.") ¶ 2, ECF No. 1.  They seek $7 million in damages and injunctive relief.  Compl. at 38-40.

## II.  Discussion

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing subject matter jurisdiction.  *Id.*  "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[]." *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

Plaintiffs lack Article III standing because they have not alleged an injury-in-fact.  Article III standing "is the threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  It requires: (1) injury-in-fact, meaning "an

2

actual or imminent" and "concrete and particularized" harm to a "legally protected interest"; (2) causation; and (3) redressability.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).  Plaintiffs plausibly allege no injury to themselves;[1] instead, they allege injury only to Harry.  This vicarious effort is, for obvious reasons, insufficient to afford them standing to sue.  *E.g.*, *Collins v. W. Hartford Police Dep't*, 324 F. App'x 137, 139 (2d Cir. 2009) ("Collins has no standing to challenge constitutional deprivations alleged to have been experienced by his mother.").

Nor may the remaining plaintiffs maintain this action on Harry's behalf.  They have not been appointed his guardian or custodian, and they do not allege that he is legally incapacitated.  Indeed, Harry Kleinbart brought and maintained this suit on his own until July of this year, when he confirmed (in eminently lucid fashion) that he wished to dismiss his case.[2]  *See* ECF No. 48.

---

[1] Samuel and Steven Kleinbart do allege that they were denied the right to "speak" and "observe their religion and religious holidays with their father Harry Kleinbart" in violation of the First Amendment.  Compl. ¶¶ 171, 172.  These claims do not plausibly plead concrete injury.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n. 10 (2006) (concluding that "insubstantial and frivolous" claims do not give rise to federal-question jurisdiction).

[2] Nor may Plaintiffs sue on Harry's behalf simply because they claim (at paragraph ninety-nine of the complaint) to have Harry's power of attorney.  *See Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause."); *Whitfield v. Johnson*, No. 18-CV-1232, 2018 WL 1385890, at *2 (E.D.N.Y. Mar. 19, 2018) ("A non-attorney agent

Having dismissed the federal claims for jurisdictional reasons, the Court may not exercise supplemental jurisdiction over the remaining state-law claims. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 55 (2d Cir. 2004). Those claims — for intentional and negligent infliction of emotional distress, battery, and negligence — are therefore dismissed.

### III. Conclusion

For the foregoing reasons, the motion to dismiss is granted.


SO ORDERED.


/s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:     January 6, 2022
           Brooklyn, New York

---

with power of attorney may not appear *pro se* on behalf of the principal."), *aff'd*, No. 18-1331, 2019 WL 1178739 (2d Cir. Mar. 13, 2019).